[Crim. No. 10936. Second Dist., Div. One. May 28, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT WILLIAM AGNEW, Defendant and Appellant.

Robert William Agnew, in pro. per., for Defendant and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, William E. Doran and Richard G. Kolostian, Deputy City Attorneys, for Plaintiff and Respondent.

THE COURT.—The cause was transferred to this court after decision by the Appellate Department of the Superior Court of Los Angeles County. We adopt the opinion of that court, prepared by Judge Frank G. Swain, which is as follows (words indicated by abbreviations therein are inserted) :

The defendant appeals from the judgment of conviction. He received a traffic citation which charged him with violating Vehicle Code section 21460, subdivision (a), driving to the left of a double yellow line, and directed him to appear before a deputy clerk of the municipal court in Los Angeles on November 25, 1964. Defendant signed that part of the traffic ticket which constituted his written promise *to appear* at the time and place specified. He did appear before the clerk on November 25, 1964, wanted to plead "not guilty" and was directed to appear in Division 50 of the Municipal Court of the Los Angeles Judicial District on December 1, 1964. He was not asked to sign and did not sign any written promise to appear in court but did appear there at the time specified and pleaded not guilty. The case was then set for trial on January 13, 1965, but due to a crowded calendar was not tried until the 14th. On the 13th the defendant's motion to dismiss the action, under Penal Code section 1382, subdivision 3, on the ground that he was denied a speedy trial, was denied. Whether or not that ruling was correct is the only point which concerns us in this appeal.

Penal Code section 1382, subdivision 3, provides: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested unless he has signed a *written* notice *to appear*, in which case within 45 days after the latest date by which he has promised to appear, or the date upon which he does in fact appear, whichever may be later . . ." (Italics added.)

The defendant claims that he "appeared" on November 25, 1964, when he "appeared" before the clerk as directed; the prosecution claims that he did not "appear" until he appeared in court on December 1, 1964. If the 45-day period specified in Penal Code section 1382, subdivision 3, began to run November 25, 1964, it ended January 9, 1965, and the trial

on January 14 was too late; if it began to run on December 1, 1964, it ended January 15, 1965, and the case was tried in time.

■ We are accustomed to thinking that "appear" means appear before a court or magistrate but we are now convinced that where a traffic citation is given and the defendant promises "to appear" before a clerk of a court authorized to receive his bail, as provided in Vehicle Code section 40500, the word "*appear*" has the same meaning in Penal Code section 1382, subdivision 3, as it has in Vehicle Code section 40500. The two sections are interrelated. The word "appear" is used repeatedly in article 2 of division 17 of the Vehicle Code which is entitled "Release upon Promise to Appear." Vehicle Code section 40500 provides, "Whenever a person is arrested for any violation of this code not declared to be a felony, or for a violation of an ordinance of a city or county relating to traffic offenses and he is not immediately taken before a magistrate, as provided in this chapter, the arresting officer shall prepare in triplicate a written notice to *appear* in court *or before a person authorized* to receive a deposit of bail, containing the name and address of the person, the license number of his vehicle, if any, the offense charged and the time and place when and where he shall appear." (Italics added.) Vehicle Code section 40501 provides, "The time specified in the notice to *appear* must be at least 10 days after such arrest." (Italics added.) See also Vehicle Code section 40502, subdivision (c). Vehicle Code section 40508, subdivision (a), provides, "Any person willfully violating his written promise to *appear* in court or before a person *authorized to receive a deposit of bail* is guilty of a misdemeanor . . . ." (Italics added.) It is significant that where a defendant is released and is to appear before a court only, the Legislature has expressly so stated, cf. Penal Code section 1269b, "*appearance before the court*"; Penal Code section 853.1, "notice to appear in court"; Penal Code section 853.6, ". . . a written notice to appear in court." It is entirely reasonable to conclude that the reason the Legislature gave a person, who signed a traffic ticket to appear before a clerk of the court, 45 days instead of the usual 30 within which he could be tried, was that it knew there might be some delay between the date of appearance-before the clerk and the date the case was to be set for trial, if the defendant pleaded not guilty, and the Legislature did not wish that delay to shorten unduly the time within which the defendant might be tried.

The judgment is reversed.